IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DANIEL W. E.,[1]<br><br>       Plaintiff,<br><br>     v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br>       Defendant. | Civil No.: 6:18-cv-00169-JE<br><br>OPINION AND<br>ORDER |

JELDERKS, Magistrate Judge:

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his application for Disability Insurance Benefits (DIB) under the Social Security Act (the Act). Plaintiff requests that the Court reverse the Commissioner's decision and remand this action to the Social Security Administration (the Agency) for further proceedings.

For the reasons set out below, the Commissioner's decision is affirmed.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, the same designation is used for a non-governmental party's immediate family member.

OPINION AND ORDER – 1

**Procedural Background**

Plaintiff filed an application for DIB benefits on May 21, 2013, alleging he had been disabled since October 15, 2012. After his claim was denied initially and upon reconsideration, Plaintiff requested an administrative hearing.

On February 2, 2016, a hearing was convened before Administrative Law Judge (ALJ) Joanne Dantonio. Based on Plaintiff's presentation at the hearing, the matter was continued for a consultative examination to be conducted.

On April 18, 2016, a second hearing was held. Plaintiff and Richard Hincks, an impartial vocational expert (VE), testified at the hearing. Plaintiff was represented by counsel and a non-attorney representative.

In a decision dated August 31, 2016, the ALJ found that Plaintiff was not disabled within the meaning of the Act.

On November 30, 2017, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. In the present action, Plaintiff challenges that decision.

**Background**

Plaintiff was born in 1963 and was 53 years old at the time of the ALJ's decision. He has a high school education and completed one year of college. Plaintiff has past relevant work as a can inspector, an industrial cleaner, a produce inspector, and an equipment cleaner.

**Disability Analysis**

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary

of the five steps, which also are described in *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

<u>Step One</u>. The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA). A claimant engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

<u>Step Two</u>. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have such an impairment is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

<u>Step Three</u>. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the presumptively disabling impairments listed in the Social Security Administration (SSA) regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has such an impairment is disabled. If the claimant's impairment does not meet or equal an impairment listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

<u>Step Four</u>. The Commissioner determines whether the claimant is able to perform relevant work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five. 20 C.F.R. § 404.1520(f).

<u>Step Five</u>. The Commissioner determines whether the claimant is able to do any other

work. A claimant who cannot perform other work is disabled. If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled. If the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(g)(1).

At Steps One through Four, the burden of proof is on the claimant. *Tackett*, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. *Id*.

## ALJ's Decision

As a preliminary matter, the ALJ found that Plaintiff met the insured status requirements through December 31, 2017.

At Step One, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 15, 2012, the alleged onset date.

At the second step, the ALJ found that Plaintiff had the following severe impairments: cervical radiculopathy, lumbar degenerative disk disease, and right shoulder pain.

At Step Three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment set out in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

Before proceeding to the fourth step, the ALJ assessed Plaintiff's residual functional

capacity (RFC). She found that Plaintiff retained the capacity to perform light work with the following limitations:

> The claimant can stand or walk for two hours in an eight hour day. The claimant cannot climb ladders, ropes or scaffolds. The claimant can occasionally climb ramps or stairs. The claimant can perform occasional stooping, kneeling and crouching. The claimant can never crawl. The claimant can perform less than occasional balancing. The claimant must avoid concentrated exposure to hazards, unprotected heights and dangerous machinery. The claimant cannot perform overhead reaching with his dominate (sic) right hand. The claimant must avoid concentrated exposure to extreme cold. The claimant can perform occasional foot controls. The claimant cannot perform pushing or pulling on the right. The claimant can sit for forty-five minutes at a time and would need to stand or walk for up to five minutes after the sitting period while remaining at the workstation. When standing or walking in that two-hour period, it should be no more than twenty minutes at a time.

Tr. 24. In making this determination, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence of record. Tr. 25.

At Step Four of the disability analysis, the ALJ found that Plaintiff was unable to perform any of his past relevant work.

At the fifth step, the ALJ found that Plaintiff could perform other jobs that existed in significant numbers in the national economy. Based upon testimony from the VE, the ALJ cited office helper, production assembler, and hand packager as representative of the work Plaintiff could perform. Having concluded that the Plaintiff could perform other work, the ALJ found that Plaintiff had not been under a disability within the meaning of the Act from October 15, 2012 through the date of the decision.

## Standard of Review

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Claimants bear the initial burden of establishing disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied,* 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record, *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991), and bears the burden of establishing that a claimant can perform "other work" at Step Five of the disability analysis process. *Tackett*, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

## Discussion

Plaintiff argues the ALJ's Step Five determination, finding Plaintiff could perform other jobs that existed in significant numbers in the national economy, was unsupported by substantial evidence. Specifically, Plaintiff contends that the light level jobs the ALJ identified, with the assistance of the VE, were inconsistent with his RFC's overhead reaching limitation. Plaintiff also argues that the ALJ erred when, despite an RFC limitation to 2 hours of standing and walking, she determined that Plaintiff could perform light work and applied the light exertion Grid Rule at Step 5.

## I. Conflict Between VE Testimony and the DOT

At Step Five of the sequential analysis, the burden of proof rests with the Commissioner to establish whether other work exists in the national economy that an individual of the claimant's age, education, work experience, and RFC is able to perform. *See* 20 C.F.R. § 404.1520(g); *Tackett*, 180 F.3d at 1099. In making this finding, an ALJ relies "primarily" on the *Dictionary of Occupational Titles* ("DOT") for information about the requirements of other work in the national economy.[2] SSR 00-04p, at *2. An ALJ may also rely on a VE as a source of occupational evidence. *Id.* In posing hypothetical questions to the VE to determine if other work exists that a claimant can perform, an ALJ must include all of the claimant's functional limitations which are supported by substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). Furthermore, an ALJ has an affirmative duty to resolve any obvious or apparent conflicts between the DOT and VE testimony. *See Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007); *Lamear v. Berryhill*, 365 F.3d 1201, 1205 (9th Cir. 2017); SSR 00-04p, at *4. For the difference "to be fairly characterized as a conflict, it must be obvious or apparent [and] at odds with the [DOT]'s listing of job requirements that are essential, integral, or expected." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).

Among other limitations included in the RFC, the ALJ found Plaintiff could perform no overhead reaching with his right, dominant hand. Tr. 24 This limitation was included in the hypothetical presented to the VE. Tr. 107. In response, the VE indicated there would be both sedentary and light occupations that existed in the national economy that the hypothetical individual could perform. Tr. 108-109. The VE then identified three specific light level

---

[2] This includes the DOT's companion publication, the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles. See*, U.S. Dep't of Labor, SCO (U.S. Emp. And Training Admin., 1993).

occupations. Id. Based on the jobs identified, the ALJ found Plaintiff not disabled at Step Five. Tr. 29.

Plaintiff argues the three occupations identified by the VE are inconsistent with his limitation to no overhead reaching with his right hand. The occupations of office helper (DOT 239.567-010), production assembler (DOT 706.687-010), and hand packager (DOT 559.687-074) all require frequent reaching. Social Security Ruling 85-15 defines reaching as "extending the hands and arms in any direction. SSR 85-15 *available at* 1985 WL 56857. However, overhead reaching is not specifically discussed in the DOT job descriptions for the above occupations nor can an essential or expected requirement for overhead reaching be gleaned from those descriptions. It was, thus, not apparent that the DOT was in conflict with the VE's testimony that an individual with the limitations the ALJ set forth in the hypothetical could perform these occupations. *See Gutierrez*, 844 F.3d at 808 (conflict must by "obvious or apparent" and "at odds" with the DOT's listing of job requirements that are "essential, integral, or expected.").

In any event, any conflict that may have existed was adequately explained when the ALJ inquired as to the basis for the VE's testimony. After the ALJ presented her hypotheticals and the VE identified the three occupations discussed above, the ALJ and VE had the following discussion:

> ALJ: Okay, all right. Now, I've kind of asked a – quite a lot of specific questions that I don't know that were contemplated by the DOT or might have been. What is your basis for knowing that these jobs can be done?
>
> VE: Okay. In terms of my response to the last hypothetical – actually the last two hypotheticals, that testimony in large part has been my – is dependent – or is based on my conducting on-site job analyses and/or ergonomic evaluate – at-risk ergonomic evaluations for all the alternative occupations proffered. And, in terms of my other testimony, everything has been consistent with the DOT . . .

Tr. 110.

The hearing transcript makes evident that the VE was not relying solely on the DOT when he testified that Plaintiff could perform the occupations proffered. Furthermore, the VE had earlier specifically clarified that there was an overhead reaching restriction and that Plaintiff was right-hand dominant prior to listing the occupations upon which the ALJ ultimately relied. Tr. 107. The VE's testimony, knowledge, and experience provide sufficient evidence to supplement the DOT. *See Fenton v. Colvin,* No. 6:14-cv-0350-SI; 2015 WL 3464072, at *2 (D. Or. June 1, 2015)(acknowledging the same); *see also Hardin v. Colvin*, No. 6:14-CV-01044-SB, 2015 WL 7766080, at *9 (D. Or. Nov. 4, 2015), *report and recommendation adopted*, No. 6:14-CV-1044-SB, 2015 WL 7777889 (D. Or. Dec. 2, 2015)(same). Thus, the ALJ did not err in accepting the VE's testimony that Plaintiff could perform the occupations of office helper, production assembler, and hand packager, despite an RFC limitation to no overhead reaching with the right hand. *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)("[E]xpert testimony may properly be used to show that the particular jobs, whether classified as light or sedentary, may be ones that a particular claimant can perform. In fact it seems an eminently appropriate use of the [VE's] knowledge and experience."); *see also* SSR 00-4p, 2000 WL 1898704, at *2-3 (noting that a VE "may be able to provide more specific information about jobs or occupations than the DOT" and may have "information about a particular job's requirements" based on the VE's "experience in job placement or career counseling").

## II. **Application of the Light Grid Rule**

Plaintiff asserts that the ALJ's finding that he was limited to 2 hours of standing and walking in an 8-hour workday was inconsistent with her determination that Plaintiff was capable of performing "light" exertion work. Plaintiff argues it was, thus, error for the ALJ to apply the

light Medical-Vocational Rule at Step Five. Plaintiff correctly notes that if he does not have transferable skills from his past work, he would be disabled under the Grid Rules for sedentary work. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.14.

The Commissioner has the burden at Step Five to demonstrate the claimant can perform work that exists in "significant numbers" in the national economy, taking into account the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(b)(3), 42 U.S.C. § 423(d)(2)(A). The Commissioner may satisfy this burden by obtaining testimony from a VE or by reference to the Medical–Vocational Guidelines at 20 C.F.R. Part 404, Subpart P, Appendix 2, otherwise known as "the Grids." When a claimant has both exertional and nonexertional limitations, the Grids are only a framework and a VE must be consulted. *Burkhart v. Bowen,* 856 F.2d 1335, 1340 (9th Cir. 1988); *Cooper v. Sullivan,* 880 F.2d 1152, 1155–56 (9th Cir. 1989). Social Security Ruling 83–12 directs that when a claimant's exertional level falls "somewhere 'in the middle'" of two Grid rules which direct opposite conclusions regarding disability, consultation with a VE is "advisable." SSR 83–12(2)(c).

In *Moore v. Apfel,* 216 F.3d 864 (9th Cir. 2000), the court held that when a claimant's exertional limitation falls between two Grid rules, the ALJ fulfills the Step Five obligation by consulting a vocational expert regarding whether a person with claimant's profile could perform substantial gainful work in the economy. *See Moore,* 216 F.3d at 870–71 (citing SSR 83–12); *see also Thomas v. Barnhart*, 278 F.3d 947, 960–61 (9th Cir. 2002) and *Lee v. Barnhart*, 63 F. App'x 291, 292 (9th Cir. 2003).

As with the claimants in *Moore* and *Thomas*, Plaintiff in this case has both exertional and nonexertional limitations. His exertional limitations place him between the sedentary and light exertion Grid Rules. The ALJ, therefore, followed the procedure directed by SSR 83-12 and

OPINION AND ORDER – 10

Ninth Circuit caselaw. The ALJ consulted a VE. The VE testified that a hypothetical individual with Plaintiff's profile could perform both sedentary and light occupations. Tr. 108. The VE then identified three light exertional level occupations that a person with Plaintiff's profile could perform. Tr. 108-109. Together, those occupations represented 371,000 jobs in the national economy and 4,400 jobs in the local economy. Tr. 29, 108-109. Accordingly, the ALJ found that Plaintiff was "not disabled." See *Moore*, 216 F.3d at 870; 42 U.S.C. § 423(d)(2)(A).

Plaintiff argues that the ALJ should have determined that the category of light work was so eroded that the sedentary rule should have applied. At the very least, according to Plaintiff, the ALJ should have offered an explanation as to why the sedentary rule was not appropriate. Pl. Brief at 8. However, as in *Moore*, Plaintiff had both exertional and nonexertional limitations. The holding in *Moore* is clear that in this situation SSR 83-12 only directs the use of a VE. *Id.* at 870-871. In addition, as explained by the Ninth Circuit in *Lee*,

> [t]he Rule does not require the ALJ to determine if the remaining occupational base is more closely associated with the full range of light work or the full range of sedentary work, and then apply the Medical–Vocational Guideline applicable to the appropriate level. The Rule merely gives guidance. It provides that if the occupational base is significantly reduced, "it could indicate little more than the occupational base for the lower rule and *could justify* a finding of 'Disabled.'" SSR 83–12 (emphasis added). SSR 83–12 does not mandate a finding of disabled. *See Moore,* 216 F.3d at 871 (concluding that "SSR 83–12 does not mandate a finding of 'disabled'" but "[i]nstead, it mandates the use of a VE, which was exactly the process used in this instance.").

*Lee*, 63 F. App'x at 292.

Moreover, the *Moore* court reasoned that "even assuming that the evidence rationally supports Moore's argument, it also clearly supports the ALJ's decision to use a VE, and his subsequent ruling. 'Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld.'" *Moore*, 216 F.3d at 871 (*quoting Gallant v. Heckler,* 753 F.2d 1450, 1453 (9th Cir.1984)); *see also Batson v. Commissioner,* 359 F.3d 1190,

Ninth Circuit caselaw. The ALJ consulted a VE. The VE testified that a hypothetical individual with Plaintiff's profile could perform both sedentary and light occupations. Tr. 108. The VE then identified three light exertional level occupations that a person with Plaintiff's profile could perform. Tr. 108-109. Together, those occupations represented 371,000 jobs in the national economy and 4,400 jobs in the local economy. Tr. 29, 108-109. Accordingly, the ALJ found that Plaintiff was "not disabled." See *Moore*, 216 F.3d at 870; 42 U.S.C. § 423(d)(2)(A).

Plaintiff argues that the ALJ should have determined that the category of light work was so eroded that the sedentary rule should have applied. At the very least, according to Plaintiff, the ALJ should have offered an explanation as to why the sedentary rule was not appropriate. Pl. Brief at 8. However, as in *Moore*, Plaintiff had both exertional and nonexertional limitations. The holding in *Moore* is clear that in this situation SSR 83-12 only directs the use of a VE. *Id.* at 870-871. In addition, as explained by the Ninth Circuit in *Lee*,

> [t]he Rule does not require the ALJ to determine if the remaining occupational base is more closely associated with the full range of light work or the full range of sedentary work, and then apply the Medical–Vocational Guideline applicable to the appropriate level. The Rule merely gives guidance. It provides that if the occupational base is significantly reduced, "it could indicate little more than the occupational base for the lower rule and *could justify* a finding of 'Disabled.'" SSR 83–12 (emphasis added). SSR 83–12 does not mandate a finding of disabled. *See Moore,* 216 F.3d at 871 (concluding that "SSR 83–12 does not mandate a finding of 'disabled'" but "[i]nstead, it mandates the use of a VE, which was exactly the process used in this instance.").

*Lee*, 63 F. App'x at 292.

Moreover, the *Moore* court reasoned that "even assuming that the evidence rationally supports Moore's argument, it also clearly supports the ALJ's decision to use a VE, and his subsequent ruling. 'Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld.'" *Moore*, 216 F.3d at 871 (*quoting Gallant v. Heckler,* 753 F.2d 1450, 1453 (9th Cir.1984)); *see also Batson v. Commissioner,* 359 F.3d 1190,

1198 (9th Cir.2004) ("When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion.").

Both the ALJ's procedure and subsequent ruling in this case were consistent with *Moore* and the applicable rules. The VE's testimony provided a rational basis for finding that Plaintiff could perform available light work. The ALJ's Step Five finding was, thus, supported by substantial evidence and must be upheld.

## Conclusion

For the reasons set forth above, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

DATED this 7th day of August, 2019.

                                            /s/ John Jelderks
                                      John Jelderks
                                      U.S. Magistrate Judge